UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS



(TOPEKA)

Clerk, U.S. District Court
By:_____Deputy Clerk

MARCUS D ROBERSON

V

UNITED STATES

Case No: 5:11-cr-40078-jar-2

MOTION FOR REMAND TO

CONSIDER MOTION UNDER

FED.R.CRIM.P. 33

RELIEF SOUGHT

COME NOW, the party, defendant and appellant, moves this court for an order to remand this action back to the United States District court for Kansas (Topeka), so that the District court may grant Marcus Roberson motion for a new trial in this action that has been appeled to this court..

GROUNDS FOR MOTION

A. Governing Facts:

The facts on which this motion is based on are, as established by the Affidiavits of Virok D. Webb, and the exhibits attached to it : 1.

1.    Petitioner asserts that petitioner was denied due process by his trial attorney Forrest Lowry, and the government because the existence of the newly-discovered evidence favorable to him by sworn affidavit of Virok D. Webb. Mr. Roberson's trial attorney Mr. Lowry and the government failed to previously disclose, during the filing of the petitioner rule 33 motion. Virok D. Webb, sworn through this affidavit that Marcus Roberson, had no illegal drug dealings or he and I had any parts in the homicide attributed to us. Petitioner also argues that Virok D. Webb, sworn in this affidavit that Marcus Roberson, and him did not discuss or plot, or plan any homicide.

2.    A judgement in this case was entered on March 6, 2014. The defendant was found guilty of conspiracy to distribute crack cocaine, conspiracy to distribute powder cocaine, and murder.

3.      An appeal in this case was commenced by the filing of a notice of appeal on December 8, 2015.

Petitioner argues that he was denied due process and the government and along with his trial attorney Forrest Lowry, materiality violated the Brady Violation Act, because the affiant Virok D. Webb, contends that he disclosed the following information to Junction City Police Detective Joshua Brown. The petitioner argues that the affiant disclosed to Detective Joshua Brown, on June 29, 2010, during a voluntarily police interview. The affiant clearly express that during the interview Detective J. Brown, asked him specifically about was Mr. Roberson involved in the distribution. The affiant Virok D. Webb, and Detective J. Brown was discussing, however the affiant stated Mr. Roberson was not involved with me.

4.      On this date, 8/11/16, this motion for new trial based newly-discovered evidence is filed in the district court on the grounds that the following information disclosed by the affiant Virok D. Webb, was withheld from the district court during the filing of Rule 33 for new trial by trial attorney Forrest Lowry, and from petitioner's jury trial, which such contents which could have proven petitioner Mr. Roberson's innocence. Therefore the petitioner Marcus D. Roberson, was a victim of a fundamental miscarriage of justice. The newly-discovered evidence conclusively established that the statements made by affiant and the alibi, of the defendant Mr. Roberson, of the alleged offenses]. Despite the appeal, the

district court can entertain this motion under the authority of the United States v. Cronic, 466 U.S. 648, 667 & n.42, 104 S.Ct. 2039, 80 L.Ed.2d 657(1984).

5. This motion is made in good faith, and moot any need to proceed with this appeal limited only to the issues of the motion which was denied by this court for new trial. On these dates, March 9, 2014 and November 2014, the affiant sent the two affidavits to the petitioner Marcus Roberson, which petitioner received the affidavits on the same date the affidavit's date, in which the petitioner contacted his trial attorney Forrest Lowry and private investigator Mark Reeder, about the affidavit dated March 9, 2014, from Virok D. Webb. The trial attorney Forrest Lowry, investigator Mark Reeder, and the government never disclosed this information to the District Court Judge Julie Robinson. ]The affidavit dated March 9, 2014, had important information and could corrobate the petitioner's alibi and his defense. The affidavits filed with this motion show that his trial counsel was negligent in investigating the case and never disclosed the affidavit dated March 9, 2014, to his defense, during his Rule 33 motion when filed for new trial, in his case.

The Affiant Virok D. Webb, came forward and voluntarily identified that Marcus Roberson, was not a part of his drug distribution activities, nor did they ever plot or plan any homicide. Therefore, this is truly newly-discovered evidence and would, if presented at a new trial, likely change the outcome of this case].

Page 5 of 9

6.      As shown by the petitioner request for a Certification from the District Court attached to this motion, the District Court has the authority to grant this motion and set a new trial in this matter.

### LEGAL ARGUMENT:2

Movant should be granted a remand to the District Court for a resolution of the Criminal Rule 33 motion because:

1.      Because an appeal has been filed in this action, the district court lacks the jurisdiction to grant the motion for relief from the judgement.

2.      When, as in this case, the district court is inclined to grant the motion, the proper procedure is to have the District Court certify its intent to the court of appeals and for the defendant to then move, as the defendant has done in this case, for a remand that the court of appeals may grant. See, e.g., United States v. Douglas, 874 F.2d 1145, 1162(7th cir. 1989); United States v. Draper, 746 F.2d 662, 666(10th cir. 1984).

3.      As explained above, the district court's inclination to grant the motion will be proper because the evidence in question represents true "newly-discovered" evidence within the meaning of Criminal Rule 33. It was discovered, as the Affidavit dated March 9,2014, shows, after the trial. Even

with reasonable diligence, the defendant could not have discovered the evidence at an earlier time. Theevidence is central to an issue in the case, is admissible, credible, not cumulative, not merely impeachment evidence, and would undoubtedly alter the outcome in this case. In short, every required element for a new trial based on newly-discovered evidence under Criminal Rule 33 is almost conclusively established by the motion for a new trial that the District Court is inclined to grant. See United States v. McGaughey, 977 F.2d 1067, 1075(7th cir. 1992))list of elements for relief on basis of newly-discovered evidence).

4.  A grant of the new trial motion by the District Court will, for obvious reasons, make further proceedings in this appeal moot, limited to the Rule 33 motion which was filed in the District Court and denied.

5.  Because the motion is being made within 246 days following the filing of the notice of appeal, very little time or effort has been committed to this appeal by the parties and the courts. The record has not yet been finalized[See Fed.R.App.P.10], or transmitted to this court. See Fed.R.App.11. Therefore, no party will be prejudiced by a remand at this stage of the proceedings in the appeal.

CONCULUSION

For the reasons stated above Marcus D. Roberson respectfully request that this motion be granted.

Dated: 8-11-16

Respectfully submitted,

*[signature]*

## DECLARATION:

In accordance with the provisions of 1746 of Title 28, United States Code, 1, the undersigned Marcus Roberson, do hereby make the following declaration under penalty of perjury pertinent to the above-styled cause:

Executed on this 11, day of August, 2016.

S/BY: *[signature]*

Page 8 of 9

# CERTIFICATE OF SERVICE

I, hereby certify under penalty of perjury as delineated in Title 28 U.S.C. 1746, that the foregoing is true and correct to the best of my knowledge and that a copy of this document has been provided to the adverse parties by U.S. mail first class postage prepaid and deposited in this facility legal mail box on this __12__ day of __August__ 2016

Clerk's Office of U.S. District Court
444 S.E. Quincy Street
Topeka, KS 66683

United States Attorney's Office
Assistant U.S. Attorney
290 Carlson Federal Building
444 S.E. Quincy Street
Topeka, KS 66683

_____ #15124-031

Marcus Roberson #15124-031
U.S.P. LEE
P.O. Box 305
Jonesville, VA 24263

Page 9 of 9

03/09/14

Forrest Lowry,

I am willing to testify in Marcus Robersons defense in his appeal trial that we had NO illegal drug dealings or he and I had any parts in the homicide attributed to us. Unfortunetly I was not able to testify at his trial do to my own case that was pending. My attorney advise against it continously. Me and Roberson did not deal in drugs together nor did he ever purchase, receive, or contact me about anything like that. We did not discuss or plot, or plan any homicide. I apologize for not being able to relay this to you sooner. As I said my attorney prevented me from doing this for you or Dewberrys attorney. I recently took a plea so I am free to testify for you and Roberson during his appeal process. I get sentenced May 27th.

RESPECTFULLY SUBMITTED

*Vinok Webb*


TAMMY L. PERKINS
State of Kansas


TAMMY L. PERKINS NS
Notary Public State Kansas
My Appt Expires 10-19-2016
Lyndon 3/13/14

November 2014

TO: Charles Rogers(Attorney for Marcus D. Roberson),

    I, Virok D. Webb, _Virok Webb_, typed this as a truthful and correct Affidavit, and on my own free will, the information I am about to state is true and accurate. And is willing to testify in court to this information I state in this affidavit. I am willing to testify in Marcus D. Roberson defense, that he and I "never" had no agreement in no illegal drug activities. Mr. Roberson, never conspired together to purchase any kinda of illegal drugs or any other illegal items, with me or from me. I never sold or gave Mr. Roberson any kinda of illegal drugs. On June 29, 2010, I had a interview with Junction City, KS JCPD detective Joshua Brown, and during the interview detective J. Brown asked me specifically about was Mr. Roberson involved in the distribution me and detective J. Brown was discussing, and when I stated Mr. Roberson was not involved with me, I was stating the truth. Mr. Roberson has no involvement in the distribution me and detective J. Brown was discussing. Also me and Mr. Roberson, never discussed, plotted, or plan any homicide. And that goes for the one we was wrongly accused of. I apologize for not being able to relay this information to Mr. Roberson's defense but due to my attorney at the time would not allow me to testify in Mr. Roberson's defense. I recently took a plea back in March 2014, so I am free to testify for Mr. Roberson's behalf, because what I plead out to Mr. Roberson had no involvement with me.

                                              Respectfully Submitted,
                                              _Virok Webb_
                                              Virok D. Webb

CYNTHIA M. COLLINS
Notary Public - State of Kansas
My Appt. Expires 6-15-2016

_Cynthia M. Collins_

Page 1 of 1



Marcu[s]
U.S.P. LEE
P.O. Box 305
Jonesville, VA
24263

RECEIVED
AUG 15 2016
CLERK U.S. DIST. COURT
TOPEKA, KANSAS

Clerk's Office of
United States District Court
444 S.E. Quincy St
Topeka, KS
66683