IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                 Case No. 11-40078-02-JAR

MARCUS ROBERSON,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Marcus Roberson's *pro se* Motion for Remand to Consider Motion Under Fed. R. Crim. P. 33 (Doc. 787).  The Government has responded (Doc. 788).  For the reasons explained in detail below, the Court gives Defendant notice of its intent to treat his motion as a request for habeas relief under 28 U.S.C. § 2255.

I.      **Factual and Procedural Background**

On March 6, 2014, Defendant was convicted by a jury of: 1) conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine, 2) conspiracy to distribute five kilograms or more of powder cocaine, and 3) murder to prevent the victim, Crystal Fisher, from telling law enforcement about the other charged crimes.[1]  On July 14, 2015, the Court denied Defendant's Motion for New Trial and Supplemental Motion for New Trial.[2]  In his motions, Defendant challenged the sufficiency of the evidence, challenged Jury Instruction 16, and claimed the government failed to disclose exculpatory evidence about government witness Antonio Cooper.[3]  On December 2, 2015, the Court sentenced Defendant to life imprisonment.[4]

---

[1]Doc. 525.

[2]Doc. 700.

[3]Docs. 532, 675.

He filed a direct appeal to the Tenth Circuit Court of Appeals, which affirmed his conviction on November 16, 2016.[5]

While his appeal was pending, Defendant filed the instant Motion for New Trial, on the grounds of newly discovered evidence. Defendant attaches two sworn affidavits of co-defendant, Virok Webb. On March 7, 2014, the day after Defendant Roberson was convicted after a jury trial, Webb entered into a binding plea agreement with the Government, pleading guilty to the crack cocaine conspiracy charge.[6] The Court denied Webb's attempt to withdraw his plea,[7] and sentenced Webb to 360 months' imprisonment.[8] The Tenth Circuit subsequently dismissed as frivolous Webb's appeal from the Court's denial of his motion to withdraw his plea agreement.[9]

The first affidavit, dated March 9, 2014, is addressed to counsel Forrest Lowry and states as follows:

> I am willing to testify in Marcus Robersons defense in his appeal trial that we had NO illegal drug dealings or he and I had any parts in the homicide attributed to us. Unfortunetly [sic] I was not able to testify at his trial do [sic] to my own case that was pending. My attorney advise against it continuously. Me and Roberson did not deal in drugs together nor did he ever purchase, receive, or contact me about anything like that. We did not discuss or plot, or plan any homicide. I apologize for not being able to relay this to you sooner. As I said my attorney prevented me from doing this for you or [co-defendant] Dewberrys attorney. I recently took a plea so I am free to testify for you and Roberson during his appeal process. I get sentenced May 27th.[10]

---

[4] Doc. 737.

[5] *United States v. Roberson*, ---F. App'x---, 2016 WL 6775915 (10th Cir. Nov. 16, 2016).

[6] Doc. 512.

[7] Doc. 701.

[8] Doc. 715.

[9] Doc. 781.

[10] Doc. 787 at 9.

The second affidavit, dated November 2014, is addressed to counsel Charles Rogers, and states as follows:

> I am willing to testify in Marcus D. Roberson defense, that he and I "never" had no agreement in no illegal drug activities.  Mr. Roberson, never conspired together to purchase any kinda of illegal drugs or any other illegal items, with me or from me.  I never sold or gave Mr. Roberson any kinda illegal drugs.  On June 29, 2010, I had a interview with Junction City, KS JCPD detective Joshua Brown, and during the interview detective J. Brown asked me specifically about was Mr. Roberson involved in the distribution me and detective J. Brown was discussing, and when I stated Mr. Roberson was not involved with me, I was stating the truth. Mr. Roberson had no involvement in the distribution me and detective J. Brown was discussing.  Also me and Mr. Roberson, never discussed, plotted, or plan any homicide.  And that goes for the one we was wrongly accused of.  I apologize for not being able to relay this information to Mr. Roberson's defense but due to my attorney at the time would not allow me to testify in Mr. Roberson's defense.  I recently took a plea back in March 2014, so I am free to testify for Mr. Roberson's behalf,  because what I plead out to Mr. Roberson had no involvement with me.[11]

## II.    Discussion

Fed. R. Crim. P. 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A Rule 33 motion may be based on "newly discovered evidence."[12]  "A motion for new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution."[13]  To prevail, a defendant must prove:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.[14]

---

[11]*Id.* at 10.

[12]Fed. R. Crim. P. 33(b)(1).  A motion grounded on newly discovered evidence must be filed within three years after the verdict. *Id.*

[13]*United States v. McCullough*, 457 F.3d 1150, 1167 (10th Cir. 2006) (quotation omitted).

[14]*Id.*

The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court.[15]

It is well-settled that after an appeal has been filed, a district court may either deny a Rule 33 motion on the merits or certify to the appellate court its intention to grant the motion.[16] "Rule 33 only deprives the district court of jurisdiction to *grant* a motion for a new trial during the pendency of an appeal."[17]  Defendant's appeal was pending when he filed his motion for new trial; in the interim, the Tenth Circuit affirmed his conviction.

Defendant cites in support of his request the affidavits of co-defendant Virok Webb dated March 9, 2014, and November 2014, which purportedly corroborate Defendant's defense to the drug conspiracy and murder charges.  Defendant contends that the Government, along with his trial counsel, committed a *Brady* violation by failing to disclose to the Court Webb's statement about Defendant during his interview with Detective Brown.  Defendant further contends that he received Webb's affidavits on the dates they were executed and contacted trial counsel and his investigator.  Defendant urges that counsel was negligent for failing to disclose the affidavit in the Motion for New Trial filed after the jury verdict, which raised the grounds of sufficiency of the evidence and an erroneous jury instruction, or in the Supplemental Motion for new Trial based on newly discovered evidence about a witness.  Thus, Defendant's allegations constitute a claim that his trial counsel was ineffective for failing to disclose the details of the interview with

---

[15]*United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998).

[16]*United States v. Battles*, 745 F.3d 436, 447 (10th Cir. 2014) (citing *United States v. Varah*, 952 F.2d 1181, 1182 (10th Cir. 1991) (per curiam)).

[17]*Id.* (quoting *United States v. Palmer*, 766 F.2d 1441, 1445 (10th Cir. 1985)).

Detective Brown and to employ the affidavits written by Webb in the motions for new trial, and his argument is misplaced under Rule 33.[18]

Defendant does not mention the federal habeas statute—28 U.S.C. § 2255—in his motion. Nevertheless, because of the nature of the relief that Defendant seeks, the Court is inclined to treat his motion as a request for § 2255 habeas relief. Before doing so, however, the Court gives Defendant the opportunity to contest the recharacterization and to withdraw the motion.[19] Defendant must be warned: if the Court takes this action, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions."[20] Defendant should therefore consider whether he has included all of the allegations that he wishes to bring in a § 2255 motion, and whether he should amend the allegations that he has raised. Defendant should also be aware that he has a one year statute of limitations after the judgment becomes final to bring claims under § 2255 or his claims are barred.[21]

Unless Defendant files with the Court a notice of his desire not to have his motion treated as a § 2255 motion—thereby withdrawing the motion—on or before **January 23, 2017**, the Court will treat his motion as a request for § 2255 relief. Alternatively, Defendant may file a motion to amend his motion to explicitly set out his grounds for § 2255 relief no later than **January 23, 2017.** The Court directs the Clerk's Office to send Defendant a standard form for § 2255 motions that he may use to amend his motion or refile later as a motion if he elects to withdraw his pending motions. If Defendant does not move to amend the motion or withdraw it altogether, the Court will construe the motion as a § 2255 motion and order the Government to

---

[18] *See United States v. Orr*, 692 F.3d 1079, 1099 (10th Cir. 2012) (holding post-conviction exculpatory evidence by a codefendant who remained silent during trial is merely "newly available," not newly discovered evidence for purposes of Rule 33) (citing *United States v. Muldrow*, 19 F.3d 1332, 1339 (10th Cir. 1994)).

[19] *See generally Castro v. United States*, 540 U.S. 375, 381–83 (2003).

[20] *Id.* at 383.

[21] *See* 28 U.S.C. § 2255(f).

respond.  If the Court takes this action, any and all motions filed thereafter under § 2255 will be construed as successive, and can only be filed with permission by the Tenth Circuit Court of Appeals.[22]  If Defendant chooses to request to amend the motion under § 2255, he must include **all** claims that can be brought under 28 U.S.C. § 2255.[23]

      **IT IS THEREFORE ORDERED BY THE COURT** that on or before **January 23, 2017,** Defendant must file either (1) a motion to withdraw his currently pending motion for new trial (Doc. 787) and a notice of his desire not to have his motion recharacterized as a request for § 2255 relief; or (2) a motion to amend his motion to include all claims that can be brought under 28 U.S.C. § 2255.  If Defendant does not respond, the Court will treat the motion as a request for § 2255 relief.

      **IT IS FURTHER ORDERED THAT** the Clerk's Office forward a copy of the § 2255 petition form to Defendant along with a copy of this order.

      **IT IS SO ORDERED.**

Dated: November 22, 2016

                                      S/ Julie A. Robinson
                                      JULIE A. ROBINSON
                                      UNITED STATES DISTRICT JUDGE

---

[22]*See United States v. Brockman*, No. 09-20001-CM, 2010 WL 1489718, at *1 (D. Kan. Apr. 13, 2010) (citation omitted).

    [23]*Id.*