# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

    **v.**

**MARCUS D. ROBERSON,**

    **Defendant/Petitioner.**

No. 11-40078-02-JAR
No. 16-4115-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Marcus Roberson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 817). The Government has responded (Doc. 826). For the reasons explained below, the Court exercises its discretion to order the Government to expand the record as set forth below.

### I.   Factual and Procedural Background

On October 19, 2011, Roberson and seven co-defendants were charged with conspiracy to distribute 280 grams or more of crack cocaine (Count 1) and conspiracy to distribute 5 kilograms or more of powder cocaine (Count 2). Roberson, along with co-defendant Virok Webb, was also charged with one count of murder to prevent another from providing information concerning a federal crime to a law enforcement officer of the United States, in violation of 18 U.S.C. § 1512(a)(1)(C). Roberson proceeded to trial, with all but one of the other co-defendants entering into plea agreements with the Government.[1] On March 6, 2014, Roberson was

---

[1] On July 25, 2013, co-defendant Kennin Dewberry was convicted by a jury of conspiracy to distribute crack and powder cocaine. Doc. 388.

1

convicted by a jury on all three counts.[2]  The jury also returned special verdicts determining that Roberson conspired to distribute 280 grams or more of crack cocaine and 5 kilograms or more of powder cocaine.[3]  On July 14, 2015, the Court denied Roberson's motions for judgment of acquittal and new trial.[4]  On December 2, 2015, this Court sentenced Roberson to a controlling term of Life imprisonment.[5]  On November 16, 2016, the Tenth Circuit Court of Appeals affirmed Roberson's conviction and sentence.[6]  The Court subsequently issued an order directing that Roberson file either a motion to withdraw his pending second Rule 33 motion and a notice of his desire not to have the motion re-characterized as a request for § 2255 relief, or a motion amending the Rule 33 motion to include all claims that can be brought under § 2255.[7]  Roberson withdrew his motion,[8] and this timely § 2255 motion followed.[9]

## II.  Discussion

On March 7, 2014, the day after Roberson was convicted by a jury, co-defendant Virok Webb entered a binding guilty plea to one count of conspiracy to distribute crack cocaine.[10]  As an appropriate sentence, the parties proposed a term of imprisonment between twenty and thirty years; the Government agreed to dismiss the second drug conspiracy charge as well as the

---

[2] Doc. 525.

[3] *Id.*

[4] Doc. 700.

[5] Doc. 737; 21 U.S.C. § 841(b)(1)(A).

[6] *United States v. Roberson*, 644 F. App'x 743, 750 (10th Cir. 2016).

[7] Doc. 792.

[8] Docs. 795, 796).

[9] 28 U.S.C. § 2255(f).

[10] Docs. 511, 512.

murder charge, and limited its § 851(a)(1) information to one prior felony drug conviction, resulting in a mandatory minimum sentence of twenty years rather than life imprisonment.[11]

Roberson submits the purported affidavit of Virok Webb dated March 9, 2014, three days after Roberson's conviction:

> Forrest Lowry ,
>
> I am willing to testify in Marcus Robersons defense in his appeal trial that we had NO illegal drug dealings or he and I had any parts in the homicide attributed to us. Unfortunetly [sic] I was not able to testify at his trial do to my own case that was pending. My attorney advise against it continously. Me and Roberson did not deal in drugs together nor did he ever purchase, receive, or contact me about anything like that. We did not discuss or plot, or plan any homicide. I apologize for not doing this for you or Dewberrys attorney. I recently took a plea so I am free to testify for you and Roberson during his appeal process. I get sentenced May 27th.[12]

Roberson submits a second purported affidavit of Webb dated November 2014:

> TO: Charles Rogers (Attorney for Marcus D. Roberson),
>
> I, Virok D. Webb, typed this as a truthful and correct Affidavit, and on my own free will, the information I am about to state is true and accurate.  And is willing to testify in court to this information I state in this affidavit.  I am willing to testify in Marcus D. Roberson [sic] defense, that he and I "never" had no agreement in no illegal drug activities.  Mr. Roberson, never conspired together to purchase any kinda of illegal drugs or any other illegal items, with me or from me. I never sold or gave Mr. Roberson me, any kinda of illegal drugs. On June 29, 2010, I had a interview with Junction City, KS JCPD detective Joshua Brown, and during the interview detective J. Brown asked me specifically about was Mr. Roberson involved in the distribution me and detective J. Brown was discussing, and when I stated Mr. Roberson was not involved with me, I was stating the truth. Mr. Roberson has no involvement in the distribution me and detective J. Brown was discussing. Also me and Mr. Roberson, never discussed, plotted, or plan any homicide. And that goes for the one we was wrongly accused of. I apologize for not being able to relay this information to Mr. Roberson's defense but due to my attorney at the time would not allow me to testify in Mr. Roberson's defense. I recently took a plea back in March 2014, so I am free to testify for Mr.

---

[11] Doc. 512 at 2–3.

[12] Doc. 817-1 at 64.

3

Roberson's behalf, because what I plead out to Mr. Roberson had no involvement with me.[13]

In his § 2255 motion, Roberson raises eight discrete claims that his trial and appellate counsel were ineffective. Relative to this Order, Roberson claims that both counsel were ineffective by failing to submit Webb's affidavits in further support of the motion filed pursuant to Fed. R. Civ. P. 33. Specifically, Roberson contends that these "affidavits would have proven that there was no conspiracy agreement between [the defendant] and Virok Webb's drug distribution organization."[14] As related in Webb's affidavits, his counsel prevented him from testifying, as he was awaiting trial.

The Government contends that Roberson would be able to utilize Webb's affidavits only under circumstances where Webb's statements would be subject to cross-examination; whether to call a particular witness is "a tactical decision and, thus, a matter of discretion for trial counsel."[15] The only evidence before the Court are Webb's affidavits, and because Roberson affirmatively states in his motion that he contemporaneously contacted counsel and his investigator about Webb's statements, the Court is presented with a credibility determination. At this point, however, the Court declines to order an evidentiary hearing without first exercising its discretion to develop the record on this issue. The Tenth Circuit has noted that the district court retains the "flexibility" or discretion "to utilize alternative methods to expand the record without conducting an extensive hearing."[16] The Supreme Court has said that a § 2255 movant is not always entitled to a full hearing simply because the record "does not conclusively and expressly

---

[13]*Id.* at 65.

[14]*Id.* at 24. Notably, Webb provided a similar affidavit to co-Defendant Kennin Dewberry; the Court rejected his claim that trial counsel was ineffective for failing to call Webb as a witness at his trial. Doc. 831.

[15]*United States v. Snyder,* 787 F.2d 1429, 1432 (10th Cir. 1986).

[16]*United States v. Lee-Speight,* 529 F. App'x 903, 907 n.5 (10th Cir. 2013).

belie his claim."[17]  District courts retain the "discretion to exercise their common sense" and dispose of these issues without a hearing when a movant's factual allegations are "vague, conclusory, or palpably incredible."[18]

Thus, the Court will give the Government thirty (30) days to expand the record to submit affidavits from Forrest Lowry and Charles Rogers setting out the facts surrounding their knowledge of Virok Webb's purported affidavits and willingness to testify on Roberson's behalf and/or their decision not to submit the affidavits in support of a motion for new trial.[19]  The Court will determine the need for an evidentiary hearing on this and Petitioner's other claims after reviewing the record.  Should the Court determine that an evidentiary hearing is justified on this or any other issue raised, counsel shall be appointed under 18 U.S.C. § 3006A.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government will have thirty (30) days from the filing of the date of this Order to expand the record as discussed above.

**IT IS SO ORDERED.**

Dated: April 11, 2018

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[17] *Machibroda v. United States,* 368 U.S. 495 (1962).

[18] *Id.* at 495–96.

[19] *See United States v. Pinson,* 584 F.3d 972, 978 (10th Cir. 2009) (holding when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove the claim).