UNITED STATES DISTRICT COURT
— DISTRICT OF KANSAS —

UNITED STATES OF AMERICA
            Plaintiff,

    v.                                    CASE NO. 11-40078-02-JAR

MARCUS D. ROBERSON
            Defendant,

- - - - - - - - - - - - - - - - - - -

PETITIONER'S RESPONSE TO FORMER COUNSEL
FORREST LOWRY'S AFFIDAVIT (DOC. 845-1)

        COMES NOW, Marcus D. Roberson, Pro Se Petitioner,
files this response to former counsel Forrest Lowry's Affidavit,
respectfully submit the following:

I. Response

1. Mr. Lowry states in Paragraph 1, "I recall the purported affidavit
from Virok Webb, but by the time it was received the trial was over,
and on April 21, 2014 counsel was allowed to withdraw from
further representation of defendant (Doc. 563)."

Response to Paragraph 1: Petitioner asserts, that Mr. Lowry only stated
by time the affidavit was received petitioner's trial was over, but
never stated the time-line for filing for a New Trial was not
over yet, so he still had time to filing the purported affidavit
with the motion for a new trial, failed to do so. Yes, the Webb note
signed 3/9/14, was unavailable during petitioner's trial proceedings
as also Webb exercising his Fifth Amendment rights, that his
counsel at the time would not allow him to testify at petitioner's
trial. Petitioner, exercised diligence to counsel, as he did not have
the power to compel his co-defendant to testify, at his trial
proceedings. Pursuant to Fed. R. Crim. P. 33(b)(1), a motion for a
new trial based upon newly discovered evidence must be filed
within three years after the verdict or, finding of guilty. Petitioner

Page 1 of 9

asserts that on 3/6/14 he was found guilty on all counts, and three days after on 3/9/14, Virok Webb handed over to the defense a signed affidavit, a three day gap between the guilty verdict. And a thrity-one day gap between the 3/9/14 dated affidavit from Webb and the day (4/10/14) petitioner filed a Motion For Appointment of New Counsel Based Upon Conflict of Interest And Violation of Defendant's Sixth Amendment (Doc. 552) shows failure by Mr. Lowry, to file affidavit with his motion for a new trial or to bring this evidence forward to the district court with a motion for new trial, Fed. R. Crim. P. 33(b)(1), that Webb's note - that his testimony speaks directly to the question "did the petitioner knowingly and voluntarily involve himself into a ongoing conspiracy already establish," or "did the petitioner know or share the same essential objective of the ongoing conspiracy that was started between Virok Webb, Jermaine Jackson, and the other names mention in the indictment, on November 2008," or "did he and petitioner conspirer to commit murder." Webb's affidavit speaks directly to petitioner's actual innocence, and challenges the prosecution's evidence, so it was error committed by counsel not filing the affidavit with his motion for new trial, especially when counsel had knowledge petitioner was in fact incarcerated when Webb's distribution group was started and fulling accomplish. (Petitioner was incarcerated in F.B.O.P. from May 30, 2006 to July 24, 2009. Webb's distribution was started in November 2008, so the essential objective was already agreed on by the coconspirator, before petitioner was released from F.B.O.P. on July 24, 2009.) This alone counsel should have filed Webb's affidavit with the district court when he filed the motion for new trial, on 3/20/14, or supplemented a motion, to bring this information to the district court's attention, even before petitioner filed a motion for new counsel on 4/10/14, because Webb's affidavit and

testimony spoke directly to petitioner's innocence of all counts 1, 2, and 3 of the Superceded Indictment. Instead, counsel Mr. Lowry filed a motion for a new trial, arguing frivolous issue before the district court that had no factual claim towards reversable errors, violation of Fed. R. Crim. P., or violation of petitioner Roberson's constitutional rights of due process before the district court under petitioner's Fourteenth Amendment. Due to ~~any~~ Petitioner's rights of due process being violated is the reason petitioner filed Motion For Appointment of New Counsel on 4/10/14 because Mr. Lowry did in fact fail to adequately inform the district court of crucial information that was presented from petitioner's co-defendant Virok Webb, which this new evidence is likely to result in an acquittal upon retrial, if deemed credible <u>by a jury</u>, the co-defendant's testimony would greatly undermine the conspiracy counts and murder charge against the petitioner. According to the United States of Court of Appeals for the First Circuit has long held that exculpatory affidavits from co-defendants who excerised their Fifth Amendment privilege not to testify at trial may constitute "newly discovered evidence" for Fed. R. Crim. P. 33.

2. Mr. Lowry states in Paragraph 2, "On April 22, 2014 Charles Rogers of WYRSCH HOBBS MIRAKIAN PC was reappointed to handled the sentencing phase (Doc 564).

Response to Paragraph 2: In Mr. Lowry's affidavit not once does he state he informed petitioner's new counsel Mr. Rogers or Mr. Hobbs, of Virok Webb's 3/9/14 affidavit, he received and was aware of, after petitioner's trial, "shortly after Roberson's trial ended," he stated. In Mr. Lowry's affidavit to the district court, in Paragraph 5, he stated Mr. Rogers informed him, he does not remember the note from Mr. Webb. By Mr. Rogers acknowledged that he does not remember the note, goes to show petitioner's former counsel Lowry was allowed to withdraw, Mr. Lowry

withheld the note from the defense, when petitioner was reappointed with new counselor Mr. Charles Rogers. Mr. Lowry failed to use diligence and good faith efforts to cause such information to be made available to new counsel for petitioner. Virok Webb's affidavit of 3/9/14, should have been disclosed to petitioner's new counsel, when former counsel Mr. Lowry, disclosed the rest of the government's evidence to new counsel. Mr. Lowry should have disclose any and all information in its possession which might tend to exculpate Mr. Roberson for any offense with which he is charged, including but not limited to information which might tend to impeach any witness who may testify for government. In Mr. Lowry's own words produces facts and proof, that he withheld exculpate evidence from petitioner's new counsel Mr. Rogers and Mr. Hobbs, and which it prevented new counsel from taking further action with Mr. Webb's 3/9/14 affidavit.

3. Mr. Lowry states in Paragraph 3, Mr. Rogers retired from the practise of law on January 31, 2015 and was replaced on February 4, 2015 by another attorney from his firm, James R. Hobbs (Doc. 678).

Response to Paragraph 3: Petitioner asserts, Mr. Lowry never attempted to inform or make new counsel for petitioner aware of Virok Webb's 3/9/14 affidavit, which held exculpatory evidence in the affidavit, that new counsel could have investigated the issue at matter, before he filed a supplement motion to go along with Mr. Lowry's Motion For A New Trial. And prevented Mr. Rogers from arguing an actual innocence claim for the petitioner.

4. Mr. Lowry states in Paragraph 4, I was made aware of the note from Virok Webb referred to in Doc. 832 shortly after Roberson's trial ended.

Response to Paragraph 4: Petitioner asserts, Mr. Lowry continues to

state he was fully informed and aware of Mr. Webb's note but failed to act accordingly with the exculpatory evidence after he was in possession of the note from Mr. Webb. Mr. Lowry failed to even attempt to make contact with Mr. Webb, to interview him to investigate more exculpatory evidence Mr. Webb was willing to provide to petitioner's defense. Mr. Webb stated in his 3/9/14 note "I recently took a plea so I am free to testify for you and Roberson during his appeal process," counsel should have made steps to investigate the issue at matter and interviewing Mr. Webb, which he could have develop more exculpatory evidence that would have been highly favorable for the defense when preparing for petitioner's Motion For A New Trial. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unneccessary. Only reason Mr. Lowry could state his strategic reason not to introduce the affidavit, is he believed Mr. Webb "was not credible and that no jury would ever believe the statements he made in the note question. The evidence of his involvement was, I believed, overwhelming, ...," but Mr. Lowry was not representing Mr. Webb, he was representing the petitioner, and any exculpatory evidence should have been introduce to the district court for his client, Mr. Roberson. Mr. Lowry took faith in hands, instead of allowing his client, have the due process rights of a respectable Judge or a reasonable jury to decide the credibility of a witness is credible or not. According to petitioner: Jury Instruction (Doc. 524), applicable to law, signed by Judge Mrs. Julie Robinson on 3/4/14, Jury Instruction (1) states to the jury. "IN any jury trial there are, in effect two judges. I am one of the judges. the other is the jury." Examining errors by defense counsel, the Court should "consider these errors in the aggregate" because "some errors have ... a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001)(quoting Strickland, 466 U.S. at 695-696).

5. Mr. Lowry States in Paragraph 5, I wrote and filed a Motion

For New Trial on March 20, 2014 (Doc. 532). I did not include the note from Webb, or his willingness to testify, as a basis for my Motion for new trial, because I believed Mr. Webb was not credible and that no jury would ever believe the statements he made in the note in question. The evidence of his involvement was, I believed, overwhelming, and I thought that there were better reason to request a new trial than Webb's note, and I included those in the motion.

Response to Paragraph 5: Petitioner asserts that Mr. Lowry, filed a motion for a new trial, arguing frivolous issues before the district court that had no factual claim towards reversable errors, violation of Fed. R. Crim. P. or violation of petitioner's constitutional rights of due process before the district court, under petitioner's Fourteenth Amendment, by counsel failing to file Webb's note along with petitioners motion for a new trial, which included exculpatory evidence. And for not handing over Webb's note to petitioner's new counsel. Mr. Lowry, was aware of Mr. Webb's willingness to prove Mr. Roberson was in fact "not a part of Webb's distribution", way before Mr. Webb's signed affidavit of 3/9/14. Webb's note dated 3/9/14, is in fact, Webb's third attempt to prove petitioner's actual claim of innocence. Webb's first time was in the interview dated June 29, 2010, with JCPD detective Joshua Brown, which video was in possession of Mr. Lowry. The second attempt was made by webb on 11/14/13 with an affidavit address to petitioner's defense and Mr. Lowry, expressing the petitioner had no illegal dealings with him (webb), but Mr. Lowry failed to take this affidavit into consideration to introduce to the district court or into evidence to help petitioner with his defense. (Attached affidavit dated 11/14/13 to this Response Motion, from Virok Webb). With these three testimony of petitioner's actual claim of innocence from Virok Webb, not once did Mr. Lowry bring the issue of the matter to the district court, or file the Webb testimony with petitioner's motion for a new trial, to establish showing of petitioner's innocence. Mr. Lowry violated petitioner's due process rights under his Fourteenth Amendment, and by not informing new counsel of Webb's note.

6. Mr. Lowry states in Paragraph 6, I spoken with Charles Rogers, and he has informed me that he does not remember the note from Webb. Mr. Rogers has been retired from the practice of law for three and a half years. He has given his consent to attach his signature to this affidavit.

Response to paragraph 6: Mr. Lowry trys to persuade this Court with his affidavit that Mr. Charles Rogers was not aware of Virok Webb's note (affidavit). Mr. Lowry, does not attempt once to inform this Court or take responsibility, he did not hand over Webb's note dated 3/9/14 to petitioner's new counsel Mr. Rogers, to make him aware of the exculpatory evidence he (Lowry) had in his possession and had knowledge of. Instead Mr. Lowry wants this Court to believe the petitioner would withheld this valuable information from his new counsel, especially the affidavit addressed to Mr. Charles Rogers dated "November 2014." In 2016, petitioner handed over three affidavits from Mr. Webb, to his direct appeal counsel Mr. Jemery S. Weis, which Mr. Weis confirmed with petitioner by letter dated August 2, 2016, that he confirm with petitioner's trial counsel Mr. Lowry, "indeed received copies of the statements at issue from Mr. Webb." Not only did Mr. Lowry confirm his knowledge of Webb's note, but he confirm he had indeed received copies of the statements from Webb. The last statement (note) from Webb is dated "November 2014," which Mr. Charles Rogers was petitioner's counsel at the time of November 2014. If Mr. Lowry knew of the "November 2014" affidavit from Webb, after he withdraw from further representation of petitioner on April 21, 2014, goes to show Mr. Charles Rogers hisself, informed Mr. Forrest Lowry of the affidavit from Webb, addressed to Mr. Rogers. This should reflect to the court, that both counsel failed to introduce the exculpatory evidence into petitioner's motion for a new trial. (Attaching letter dated August 2, 2016, from Jeremy S. Weis's office to Response Motion.). Court should tak into light, how did Mr. Lowry know about the Webb affidavit address to Mr. Charles Rogers dated "November 2014", after he withdrew from counsel on April 21, 2014. Then two years later inform Mr. Jemery S. Weis, he had indeed receives copies of the statements from Webb.

For the reasons stated above, the petitioner asserts before the Court that the records before the Court will show counsel Mr. Lowry misguided direction towards providing the petitioner adequate legal assistance before the district court.

## CONCLUSION

For the foregoing reason the petitioner's motion to vacate, set aside, and reverse his convictions and order a new trial or dismissal of all counts. And petitioner moves to be discharged from custody concerning the resulting constitutional violations that occurred during his trial proceedings and Fed. R. Crim. P. proceedings, and sentencing phase. Thank You.

RESPECTFULLY SUBMITTED,

Marcus Roberson #15124031
U.S.P. LEE COUNTY
P.O. BOX 305
Jonesville, VA 24263

June 20, 2018
Date Signed

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury as delineated in Title 28 U.S.C. 1746, that the foregoing is true and correct to the best of my knowledge and that a copy of this document has been provided to the adverse parties by U.S. mail first class postage prepaid and deposited in this facility (U.S.P. LEE COUNTY) legal mail box on this; ___20th___ day of ___June___ 2018.


CLERK'S OFFICE OF U.S. DISTRICT COURT
290 Carlson Federal Building
444 SE Quincy Street
Topeka, Kansas
66683


Signed by: _____
Marcus D. Roberson #15124-031
U.S.P. LEE COUNTY
P.O. BOX 305
Jonesville, VA 24263

# GADDY&WEIS LLC

August 2, 2016

Marcus D. Roberson
Reg. No. 15124-031
USP Lee
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263

Dear Marcus:

I am enclosing with this letter a copy of the additional statements from Virok Webb that I received in the mail this afternoon. In addition, I wanted to respond to your latest two letters that were received over the last couple of days.

As you know I confirmed with your trial counsel that he had indeed received copies of the statements at issue from Mr. Webb. Now that I am aware that he received the letters and chose not to use them then I do not believe this would fall under the category of newly discovered evidence. This information was known but just not used. This would be more in the realm of an ineffective assistance of counsel claim that would need to be filed in a potential 2255 habeas corpus petition. That would be reviewed and decided after the direct appeal is finalized.

The court's disfavor filing ineffective assistance of counsel claims on direct appeal. The reason is that the underlying factual record for the claims are not fully developed and the court cannot therefore make a proper ruling. In this case, there is no factual record regarding the statements and why your counsel chose not to engage Mr. Webb to testify on your behalf. That information would need to be made part of the record as trial strategy is a relevant consideration for the court.

You have also raised a couple of additional issues with respect to the application of your prior felony drug convictions for controlled substance offenses. First, I am not aware of a procedure whereby you could challenge your prior convictions on the basis that you were not informed of the potential consequences of your plea. Specifically, you complained that you were never told that by pleading guilty that the offense could result in additional penalties if you committed a further offense. The court is not required to inform you that if you commit additional crimes that your past conduct will be used against you. That is plainly the case and you would have been aware of that from the PSI in the prior case. You were sentenced, at least in part, based on your prior criminal record. This occurs in every case.

Further, there was no basis for your attorneys to challenge your prior convictions. Your lawyers had an opportunity to object in writing to the filing of the 851 and to challenge the convictions

To whomever this concerns, and or Mr. Forrest Lowry,

I am writing this letter in able sound mind and body without being threatned or coersed, in order to establish a working relationship between my defense team and Mr. Robersons' defense team. I will not cooperate against, nor testify against Mr. Roberson in any way or shape. We did not have any illegal dealings or arrangements. We share a mutual respect due to the fact we both have a child by the same person. I firmly believe with both our defense teams working together to fight this case we will be able to prevail. The government has often tried to turn us against one another without success. They also have provided us with different types of discovery in hppes that it will get us to plea out or cooperate. Again I will not do this. We may have evidence or have interviewed people that will be critical to our defense and yours. So I beg you to consider this and come to an understanding that we need each others full cooperation. This case has tooken alot of twist and turns and I believe we can win with a joint effort. We both have proclaimed our innocence throughout this tragic ordeal. Please understand the injustice done to us is not right. I will continue to fight and bring light on this bogus case with or without your help. Preferably with your help. Thank you.

RESPECTFULLY SUBMITTED
VIROK WEBB

V. Rok
Webb.

TAMMY L. PERKINS
Notary Public - State of Kansas
My Appt. Expires 10-19-2016
Signed on 10-15-13

03/09/14

Forrest Lowry,

I am willing to testify in Marcus Robersons defense in his appeal trial that we had NO illegal drug dealings or he and I had any parts in the homicide attributed to us. Unfortunetly I was not able to testify at his trial do to my own case that was pending. My attorney advise against it continously. Me and Roberson did not deal in drugs together nor did he ever purchase, receive, or contact me about anything like that. We did not discuss or plot, or plan any homicide. I apologize for not being able to relay this to you sooner. As I said my attorney prevented me from doing this for you or Dewberrys attorney. I recently took a plea so I am free to testify for you and Roberson during his appeal process. I get sentenced May 27th.

RESPECTFULLY SUBMITTED

*Vonk Webb*


TAMMY L. PERKINS
State of Kansas


TAMMY L. PERKINS
Notary Public State of Kansas
My Appt Expires 10-19-2016

November 2014

TO: Charles Rogers(Attorney for Marcus D. Roberson),

     I, Virok D. Webb,___*Virok Webb*___, typed this as a truthful and correct Affidavit, and on my own free will, the information I am about to state is true and accurate. And is willing to testify in court to this information I state in this affidavit. I am willing to testify in Marcus D. Roberson defense, that he and I "never" had no agreement in no illegal drug activities. Mr. Roberson, never conspired together to purchase any kinda of illegal drugs or any other illegal items,with me or from me. I never sold or gave Mr. Roberson any kinda of illegal drugs. On June 29,2010, I had a interview with Junction City, KS JCPD detective Joshua Brown, and during the interview detective J. Brown asked me specifically about was Mr. Roberson involved in the distribution me and detective J.Brown was discussing, and when I stated Mr. Roberson was not involved with me, I was stating the truth. Mr. Roberson has no involvement in the distribution me and detective J. Brown was discussing. Also me and Mr. Roberson, never discussed,plotted, or plan any homicide. And that goes for the one we was wrongly accused of. I apologize for not being able to relay this information to Mr. Roberson's defense but due to my attorney at the time would not allow me to testify in Mr. Roberson's defense. I recently took a plea back in March 2014, so I am free to testify for Mr. Roberson's behalf, because what I plead out to Mr. Roberson had no involvement with me.

                           Respectfully Submitted,
                           *Virok Webb*
                           Virok D. Webb

CYNTHIA M. COLLINS
Notary Public - State of Kansas
My Appt. Expires 6-15-2016

*Cynthia M. Collins*