## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 11-40078-JAR-02 |
| MARCUS ROBERSON, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on *pro se* Defendant Marcus Roberson's Motion for Compassionate Release (Doc. 893) under 18 U.S.C. § 3582(c)(1)(A).[1] The Government has filed a response brief. Roberson did not reply. As explained more fully below, the Court dismisses Roberson's motion for failure to exhaust his administrative remedies.

## I.      Background

On October 19, 2011, Roberson and seven co-defendants were charged with conspiracy to distribute 280 grams or more of crack cocaine (Count 1) and conspiracy to distribute five kilograms or more of powder cocaine (Count 2), in violation of 21 U.S.C. § 846.[2] Roberson, along with co-defendant Virok Webb, was also charged with one count of murder to prevent another from providing information concerning a federal crime to a law enforcement officer of the United States, in violation of 18 U.S.C. § 1512(a)(1)(C). Roberson proceeded to trial, with

---

[1] Because Roberson appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Doc. 50.

all but one of the other co-defendants entering into plea agreements with the Government.[3]  On March 6, 2014, Roberson was convicted by a jury on all three counts.[4]  The jury also returned special verdicts determining that Roberson conspired to distribute 280 grams or more of crack cocaine and five kilograms or more of powder cocaine.[5]

On December 2, 2015, the Court sentenced Roberson to a controlling term of life imprisonment.[6]  On November 16, 2016, the Tenth Circuit Court of Appeals affirmed Roberson's conviction and sentence.[7]  Roberson filed a *pro se* 28 U.S.C. § 2255 motion, claiming ineffective assistance of counsel.[8]  The Court denied that motion on August 28, 2018.[9]

On November 27, 2023, Roberson filed the motion for compassionate release presently before the Court.  He argues that changes in relevant law and unwarranted sentencing disparities among defendants with similar records justify a sentence reduction to time served.

## II.    Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[10]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[11] permits a court to reduce a term of imprisonment "upon motion of the

---

[3] On July 25, 2013, co-defendant Kennin Dewberry was convicted by a jury of conspiracy to distribute crack and powder cocaine.  Doc. 388.

[4] Doc. 525.

[5] *Id.*

[6] Doc. 737; 21 U.S.C. § 841(b)(1)(A).

[7] 664 F. App'x 743, 750 (10th Cir. 2016).

[8] Doc. 817.

[9] Doc. 850.

[10] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[11] Pub. L. No. 115-391, 132 Stat. 5194.

defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[12]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[13]  If the court grants the motion, however, it must address all three steps.[14]

## III.  Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[15]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[16]  Here, the government argues that this Court must dismiss Roberson's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement.  Indeed, Roberson admits in his motion that he "did not file Compassionate Release Motion or Administrative Remedies to reduce his sentence, yet."[17]

---

[12] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[13] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[14] *McGee*, 992 F.3d at 1043 (citation omitted).

[15] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[16] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

[17] Doc. 873 at 16.

Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Roberson's § 3582(c)(1)(A) motion without prejudice to filing a new one if and when he exhausts his administrative remedies.[18]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Marcus Roberson's Motion for Compassionate Release (Doc. 893) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated: February 1, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[18] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").